**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **Michael Grecco Productions, Inc.,** | : | **CIVIL ACTION NO.** |
| | : | **21-CV-8381** |
| *Plaintiff,* | : | |
| | : | |
| **v.** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **Ruthie Davis, Inc., Radesign, Inc., Davis By** | : | |
| **Ruthie Davis, Inc., Ruthie Allyn Davis,** | : | |
| **and Does 1-5** | : | |
| | : | |
| *Defendants.* | : | |

<u>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**</u>

Plaintiff Michael Grecco Productions, Inc. ("Grecco Productions"), seeking monetary

relief, alleges as follows:

<u>**ADDRESSES**</u>

1.      The address of each named party is as follows: Michael Grecco Productions, Inc.,

3103 17th Street, Santa Monica, California 90405; on information and belief, Ruthie Davis, Inc.,

Davis by Ruthie Davis, Inc., and Radesign, Inc. are located at 231 10th Avenue #6A, New York,

New York 10001 and/or at 511 W 25th Street Studio #806, New York, NY 10001; on

information and belief, the address of Ruthie Allyn Davis is 231 10th Avenue # 6A, New York,

New York 10001.

<u>**NATURE OF THE ACTION**</u>

2.      Grecco Productions brings this complaint for direct, contributory, and vicarious

copyright infringement against the defendants under the copyright laws of the United States, 17

U.S.C. § 101, *et seq*., requesting actual or statutory damages stemming from the defendants' for-

profit, unauthorized exploitation of Grecco Productions's copyrighted photographic images.

**JURISDICTION AND VENUE**

3.     This court has subject matter jurisdiction over the copyright infringement claim, with jurisdiction vested in this Court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (acts of Congress relating to copyrights).

4.     This Court has personal jurisdiction over the defendants because they reside in and do business in New York.

5.     Venue in this judicial district is proper under 28 U.S.C. § 1400(a) and 28 U.S.C. § 1391(b)(1).

**PARTIES**

6.     Plaintiff, Grecco Productions, is a photography studio and business owned and operated by photographer Michael Grecco ("Mr. Grecco").  Plaintiff is the successor by corporate name change to Michael Grecco Photography, Inc., and is incorporated in California.

7.     Mr. Grecco, principal and sole shareholder of Grecco Productions, is an award winning commercial photographer and film director. He is noted for his celebrity portraits, innovative magazine covers, editorial images and advertising spreads for numerous Fortune 500 companies such as organizations as NBC/Universal, GE, Pfizer, HBO, Kodak, ABC, and IBM, and for such widely recognized media and entertainment outlets as *Time, People Magazine, Newsweek, Esquire, Vanity Fair, Forbes, Rolling Stone, Wired, Entertainment Weekly, ESPN, Premier, MAXIM, Yahoo!,* and *Financial Times,* among others. He has developed a specialty reputation as a celebrity photographer who has been retained to photograph subjects including Martin Scorsese, Hugh Hefner, Robert Duvall, Lucy Liu, Will Ferrell, Mel Brooks, Christina Applegate, Ben Stiller, Owen Wilson, Penelope Cruz, Jet Li, Bill Murray, Joaquin

Phoenix, Kanye West, and Rene Russo.

8.      Mr. Grecco is the author of two technical treatises, *The Art of Portrait Photography, Creative Lighting Techniques and Strategies*, Amherst Media (2000) ISBN 0936262850, and *Lighting and the Dramatic Portrait, the Art of Celebrity and Editorial Photography*, Amphoto (2006) ISBN 0817442278.  He is also the author of *Naked Ambition: An R Rated Look at an X Rated Industry*, Rock Out Books (2007) ISBN 0979331404, and he is also the director of a 2009 documentary film with the same title.

9.      Michael Grecco received the Hasselblad Masters Award in June 2001 and several awards in the 2011 Prix de la Photographie Paris competition.  His work is regularly featured in prestigious galleries around the world.  The *Lürzer's Archive* identified Mr. Grecco as one of the top 200 advertising photographers in the world. *See* Exhibit "1".

10.      In 2012 Mr. Grecco was a recipient of the Professional Photographer Leadership Award from the United Nations International Photographic Council in recognition of his work with the American Photographic Artists ("APA") organization. His reputation for professional service turns, in part, on his efforts to educate photographers concerning the benefits of copyright registration as a way to combat the pandemic of image piracy that accompanied the rise of the internet.  Mr. Grecco served on the board of APA as national Executive Vice President, and as the chair of the Advocacy Committee which fights for the rights of image creators.

11.      An article in the October 12, 2015 issue of *Photo District News* titled "How (And Why) To Make Copyright Registration Part Of Your Workflow" consists of an interview with Mr. Grecco concerning his system of routine copyright registration procedures for the benefit of the profession in order to combat content theft.  Mr. Grecco teaches that the economic viability of photography as an art and profession is endangered because "[p]eople are systematically

stealing, and we need to systematically defend ourselves."

12.    By complying with copyright registration requirements, and then asserting their rights to statutory damages under the Copyright Act, Mr. Grecco contends that photographers can turn the table on commercial content pirates.   Mr. Grecco also leads workshops, addresses conferences and has released an educational video to assist artists in protecting their intellectual property from on-line content piracy.

13.    In keeping with his advice to the profession, Mr. Grecco spends time and money to actively search for hard-to-detect infringements, and he enforces his rights under the Copyright Act.

**Defendants Publish Photographs While Operating Their Fashion Business**

14.    Ruthie Davis, Inc., Davis by Ruthie Davis, Inc., Radesign, Inc., Ruthie Allyn Davis, and a presently unidentified person or entity doing business as Ruthie Davis (collectively, "Ruthie Davis") operate a prominent women's shoe design, distribution, and retail business which publishes the commercial website https://ruthiedavis.com and also publishes photographs on social media pursuant to the operation of its fashion business.

15.    According to the Ruthie Davis website:

Ruthie Davis offers more than fashion and footwear, she offers a lifestyle that embodies the brand DNA that has been so carefully crafted over the years: to stand out, stand proud and stand tall, to set trends yet stay timeless. As a CFDA (Council of Fashion Designers of America) member and an AAFA's (American Apparel & Footwear Association) "Designer of the Year," Davis designs footwear that is far from conventional. Every shoe is a piece of architectural art, all while staying true to the chic, modern and sporty designs that women worldwide have fallen for. Residing in New York City and President of her eponymous brand, Davis has the advantage of being a designer with an MBA and a woman who designs to empower women.

https://ruthiedavis.com/about/

16.    Defendants Does 1 through 5, inclusive, are other parties not yet identified who have

infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. Their true names, whether corporate, individual or otherwise, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

**Michael Grecco Production Created Images of Celebrity Model Amber Rose**

17.     On or about January 31, 2017 Mr. Grecco created images of celebrity model Amber Rose (the "Protected Works").  Three of the images were:





18.     Grecco Productions registered its copyright in the images effective on February 19, 2019 and was issued a copyright certificate number VA 2-143-439.  *See* Exhibit "2."

19.    Those images were published in the August 2017 issue of *Inked* magazine.

20.    Grecco Productions retains all rights in the Amber Rose images and licenses their use for a fee. *See* Exhibits 3, 4, and 5.

21.    Defendants republished at least two of Grecco Productions' images on its website. *See* Exhibits 6 and 7.

22.    In addition, Ruthie Davis republished its infringing images on Twitter, including a third image, to promote the Ruthie Davis brand. *See* Exhibit 8.

23.    One of the images was again republished on the "celebrity archives" page of the Ruthie Davis website. *See* Exhibit "9."

24.    The Ruthie Davis business did not license any of the Grecco Productions images it exploited to publicize its own business.

### Ruthie Davis Disregarded Efforts to Negotiate a Retroactive License

25.    On June 17, 2021, Grecco Productions contacted Ruthie Davis, Inc. and RADesign, Inc., by letter addressed to 231 10th Avenue #6A, New York, New York 10001.  That is the location the Ruthie Davis business represents as being its current address in its trademark registration for the "Ruthie Davis" mark when it renewed the mark in July 2018.  *See* Exhibit "10."  The mark owner has a duty to maintain its trademark filing information as an accurate public record pursuant to 37 C.F.R. § 2.27(d).

26.    On information and belief, that address is also a residence of Ruthie Allyn Davis.

27.    Grecco Productions demanded that Ruthie Davis cease and desist its

infringing activity and sought to negotiate an amicable resolution by offering to back-license the infringing use.

28.     Ruthie Davis did not respond to Grecco Production's letter.

29.     Ruthie Davis has never paid anything for its use of Grecco Productions' work.

30.     On information and belief, Ruthie Davis' use of the images begun on August 16, 2017 and continued thereafter.

31.     Grecco Productions discovered the infringement on February 8, 2021.

<u>COUNT I</u>
**Copyright Infringement, 17 U.S.C. § 501**

32.     Grecco Productions incorporates the allegations contained in paragraphs 1-29.

33.     Grecco Productions is the author and copyright owner of the Protected Works.

34.     Defendants reproduced, displayed, distributed or otherwise copied the Protected Works without Grecco Productions' license or authorization.

35.     The actions and conduct of the defendant, as described above, infringed upon the exclusive rights granted to photographers under 17 U.S.C.A. 106 to display, reproduce, and distribute their work to the public.  Such actions and conduct constitute copyright infringement under the Copyright Act of 1976, 17 U.S.C.A. 501.

36.     Grecco Productions has complied in all respects with 17 U.S.C. §§ 101 *et seq.*, and secured and registered the exclusive rights and privileges in and to the

copyrights of the above-referenced works pursuant to 17 U.S.C. § 408.

37.     Grecco Productions is entitled to elect recovery of actual damages and the

defendants' profits attributable to each infringement of the Protected Works pursuant to

17 U.S.C. 504(b).

38.     Grecco Productions may seek an award of attorney's fees and costs

pursuant to 17 USC § 412 and § 505 for litigating infringement of the Protected Work

which was registered prior to the unlicensed use.

## COUNT II
### Vicarious and/or Contributory Copyright Infringement

39.     Grecco Productions incorporates by reference all the allegations of

paragraphs 1 through 36.

40.     If the Defendants are not liable as direct infringers of the Protected Works,

they are secondarily liable for the infringements directly committed by others presently

unknown ("Individual Infringers") who copied the Protected Work.

41.     On information and belief, Ruthie Davis and its principals contributed to,

induced, or assisted the initial infringements by the Individual Infringers who acted

under the Defendants' direction and control using computer technology and support

services provided by Ruthie Davis.

42.      On information and belief, Ruthie Davis and its principals contributed to,

induced, or assisted the infringements by the Individual Infringers by controlling the

publication of the Ruthie Davis website and social media accounts.

43.     On information and belief, Ruthie Davis had, or should have had,

knowledge of the infringements of the Individual Infringers who were its supervised and edited editorial contributors.

44.     On information and belief, as publishers of the Ruthie Davis website and social media accounts, the Defendants had the right and ability to supervise the infringing activity.  They were aware of, or should have been aware of, the infringements which were published on the defendant's website without any right or license.

45.     On information and belief, the Defendants obtained some financial benefit from the infringement of Grecco Productions' rights in the Protected Work because it published them to promote Ruthie Davis' products.  Accordingly, the Defendants had an incentive to permit infringement by the direct infringers.

46.     As a direct and proximate result of said acts of secondary infringement, Grecco Productions has suffered damages in an amount to be proven at trial.

## **RELIEF**

WHEREFORE, Grecco Productions request judgment against Defendants seeking:

1.     A finding that the Defendants infringed Grecco Productions' copyright interests in the Protected Work by copying and publishing it for commercial purposes without any license or consent;

2.     An award of actual damages and disgorgement of all of Ruthie Davis' profits attributable to the infringement, as provided by 17 U.S.C. §504(b), in an amount to be proven at trial;

3.     An order, pursuant to 17 U.S.C.  502(a), enjoining Defendants from any

infringing use of any of Grecco Productions' works;

4.      An order, pursuant to 17 U.S.C. §§ 502 and 503, impounding or enjoining Defendants to turn over to Grecco Productions all copies of the Protected Work claimed to have been made or used in violation of the exclusive right of the copyright owners; all plates, tapes, film negatives, or other articles by means of which such copies may be reproduced; and records documenting the manufacture, sale, or receipt of things involved in any such violation;

5.      An award of Grecco Productions' attorney's fees and costs pursuant to 17 U.S.C. §505;

6.      Prejudgment interest as permitted by law; and

7.      Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Grecco Productions demands trial by jury in this action of all issues so triable.

Respectfully submitted,

Spector Gadon Rosen Vinci, P.C.

By: */s/ Bruce Bellingham*
Bruce Bellingham, Esquire
David B. Picker, Esquire
1635 Market Street, 7th Floor
Philadelphia, PA 19103
(215) 241-8916
*bbellingham@lawsgr.com*
*dpicker@lawsgr.com*

October 12, 2021                    *Attorneys for Plaintiff*