

sgrvlaw.com

Bruce W. Bellingham
Direct Dial Number
P 215.241.8916
Direct Fax Number
F 215.531.9115
bbellingham@sgrvlaw.com

Seven Penn Center
1635 Market Street
7th floor
Philadelphia, PA 19103
P 215.241.8888
F 215.241.8844

424 Madison Avenue
3rd Floor
New York, NY 10017

360 Central Avenue
Suite 1550
St. Petersburg, FL 33701

Admitted to practice:
Pennsylvania
New York
Florida

January 7, 2022

Hon. Ronnie Abrams
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Michael Grecco Production v. Ruthie Davis, Inc., et al.*, 21-CV-838

Dear Judge Abrams:

The parties to the above-referenced action submit this letter in advance of an initial conference scheduled for January 14, 2022 at 12:15 p.m. pursuant to the Court's Order dated October 29, 2021.[1]

### 1.a. Plaintiff's brief description of the nature of the action:

Plaintiff is a prominent studio and fashion photographer whose work is frequently stolen. He brings this action for four pre-registration copyright infringements and a fifth infringement that occurred at a presently unknown date. He created three images of celebrity model Amber Rose which were published on the cover and in inside pages of *Inked* magazine in August 2017. On or about August 16, 2017 Defendants published infringing copies of at least two images on their Twitter feed and, on or about August 17, 2017 they republished one of images again on their website along with a third image. Plaintiff registered his copyright in the images on February 19, 2019. At an unknown date Defendants republished at least one of Plaintiff's images on the "archive" page of their website. Plaintiff is entitled to recover his actual damages for pre-registration infringements and may elect statutory damages for post-registration infringements, for which he is also entitled to request an award of attorney's fees. He offers to license his work on his stock website for a fee.

### 1.b. Defendants' brief description of the nature of the action and the principal defenses thereto:

Defendant Ruthie Davis, Inc. ("Ruthie Davis") is a designer of high fashion women's shoes worn by many celebrities.[2] In 2017 Ms. Davis was contacted and asked to create a pair of shoes for celebrity Amber Rose to wear in a photo shoot for Inked Magazine. Ruthie Davis did so and was told in return tit would be provided a credit on the photograph (it was) and that she would be permitted to use the photograph to promote the brand.

---

[1] Pursuant to the Court's January 4 Order and the parties January 5 letter, the conference will be rescheduled to a date to be determined.
[2] The remaining defendants are likely subject to dismissal, including in particular Ms. Davis in her personal capacity.

January 7, 2022
Page 2

The Complaint alleges only that any publication of the images appears to have been in August 2017. Therefore, the Complaint should be dismissed as untimely in its entirety. The dismissal should be with prejudice because there is no factual allegation that would support the "discovery rule" ad in fact, the allegations make clear that the sophisticated and experienced plaintiff with state of the art software fo identify infringements that are alleged to be in use at all relevant times, should have been aware of any infringements immediately upon publication.

If the Complaint is not barred, Defendants have additional defenses, including, but not limited to, license for use and copyright misuse.

**2.a.  Plaintiff's brief explanation of why jurisdiction and venue lie in this Court. If any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. If any party is a partnership, limited partnership, limited liability company or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners and/or trustees:**

This court has subject matter jurisdiction over the copyright infringement claim

 pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (acts of Congress relating to copyrights).

This Court has personal jurisdiction over the defendants because they reside in and do business in New York.

Venue in this judicial district is proper under 28 U.S.C. § 1400(a) because this is the district in which the defendant or his agent resides or may be found and under 28 U.S.C. § 1391(b)(1) because this is a district in which a defendant resides when all are residents of New York state.

Davis by Ruthie Davis, Inc. was registered on July 6, 2006 with the Department of State, Division of Corporations as a fictitious name of a foreign entity Radesign, Inc.  Its address was listed as The Gallery Bldg (At 10th Ave), 511 W 25th Street, Studio #806, New York, NY, United States, 10001.  Its Chief Executive Officer's name was listed as Ruthie Davis at the same address.  It was merged out of existence on June 4, 2015.

Radesign, Inc. incorporated in the state of Delaware on June 2, 2004.  On information and belief it is an existing entity.  In 2018 it renewed its trademark registration for the name "Ruthie Davis."  Its principal place of business is The Gallery Bldg (At 10th Ave), 511 W 25th Street, Studio #806, New York, NY, United States, 10001.

January 7, 2022
Page 3


Ruthie Davis, Inc. is, on information and belief, a fictious name under which Radesign, Inc. does business. Plaintiff has no other information on existence of the entity, if it exists. On information and belief its principal place of business is The Gallery Bldg (At 10th Ave), 511 W 25th Street, Studio #806, New York, NY, United States, 10001.

**2.b. Defendants' brief explanation of why jurisdiction and venue lie in this Court. If any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. If any party is a partnership, limited partnership, limited liability company or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners and/or trustees:**

Defendants agree that jurisdiction and venue lie in this Court with respect to the dispute as against Ruthie Davis, Inc. Defendants' do not dispute the jurisdiction and venue arguments made by plaintiff on the merits, but does not waive its right to move to dismiss certain defendants pursuant to Federal Rule 12(c) or upon summary judgment.

**3.a. Plaintiff's brief description of all contemplated and/or outstanding motions:**

A motion for partial summary judgment on liability is likely after discovery.

**3.b. Defendants' brief description of all contemplated and/or outstanding motions:**
Defendants have filed a motion to dismiss under the copyright statute of limitations. If the Court does not grant the motion, Defendants will likely move for summary judgment on this and their other substantive defenses (including license and copyright misuse)

**4.a. Plaintiff's brief description of any discovery that has already taken place, and/or that which will be necessary for the parties to engage in meaningful settlement negotiations:**

No discovery has taken place. Plaintiff's right to statutory damages and right to request attorney's fees will depend upon discovery of all modifications to the "archive" page of the ruthiedavis.com website. That said, Plaintiff is willing to discuss settlement in advance of that discovery.

January 7, 2022
Page 4

**4.b. Defendants' brief description of any discovery that has already taken place, and/or that which will be necessary for the parties to engage in meaningful settlement negotiations:**

No discovery has taken place. To the extent Plaintiff claims that he was justifiably unaware of any purported infringement until some time within the statute of limitations period, Defendants would require that discovery to make settlement meaningful.

**5.a. Plaintiff's brief description of prior settlement discussions (without disclosing the parties' offers or settlement positions) and the prospect of settlement:**

Defendants invited a demand but stated that settlement was unlikely because they believe they have a viable basis for dismissal and/or defenses that they wish to pursue. Plaintiff has made a demand. Plaintiff is interested in an early settlement conference with the Southern District's Mediation Program. Plaintiff believes a settlement conference with a magistrate judge after paper discovery may also be helpful if defendants do not agree to an early settlement conference with the Mediation Program or if early settlement is unsuccessful.

**5.b. Defendants' brief description of prior settlement discussions (without disclosing the parties' offers or settlement positions) and the prospect of settlement:**

Plaintiff has made a demand and Defendants requested a settlement conference which is taking place. Defendants are unable to determine whether mediation or any other assisted discussions would be fruitful until that settlement conference has taken place.

**6. The estimated length of trial:**
Two days.

**7. Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

January 7, 2022
Page 5

Respectfully submitted:

| | |
|---|---|
| */s/ Bruce Bellingham* | */s/ Emily Bab Kirsch* |
| Bruce Bellingham | Emily Bab Kirsch |
| Attorney for Plaintiff | Attorney for Defendants |