**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Michael Grecco Productions, Inc.<br><br>*Plaintiff,*<br><br>v.<br><br>Ruthie Davis, Inc. RADesign, Inc., Davis By Ruthie Davis, Inc. Ruthie Allyn Davis, and Does 1-5<br><br>*Defendants* | CIVIL ACTION NO. 21-CV-8381 |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANTS RUTHIE DAVIS, INC., RADESIGN, INC., DAVIS BY RUTHIE DAVIS, INC. AND RUTHIE ALLYN DAVIS TO DIMISS THE COMPLAINT IN ITS ENTIRETY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

**KIRSCH & NIEHAUS PLLC**

150 East 58th Street
22nd Floor
New York, NY 10155
212-832-0170
emily.kirsch@kirshniehaus.com

*Attorneys for Defendants*

**Table of Contents**

I.   Preliminary Statement.................................................................................. 1

II.  Argument ..................................................................................................... 3

   A.  The Claim is Time-Barred Because Plaintiff Is A Sophisticated Copyright Infringement Plaintiff Who Systematically Searches the Internet for Infringements And Thus Was On Constructive Notice of an Alleged Infringement When Posted. ......................................................................... 3

   B.  Even if Plaintiff is Entitled to the Benefit of the February 2021 Accrual Date, The Complaint Must Still Be Dismissed It Fails To State a Claim Upon Which Relief Can Be Granted. ................................................................. 6

   C.  The Separate Accrual Rule Does Not Apply Here ..................................... 8

III. Conclusion ................................................................................................... 9

## Table of Authorities

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................................. 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................................ 8

*Gaffney v. Muhammad Ali Entrpr.,* 2021 WL 3542256 (S.D.N.Y. Aug. 10, 2021) ………………5

*Michael Grecco Productions, Inc. v. Valuewalk, LLC,* 345 F.Supp.3d 482 (S.D.N.Y. 2018) …5, 6

*Hirsch v. Rehs Galleries, Inc.*, 2020 WL 917213 (S.D.N.Y. Feb. 26, 2020)………………………3

*Minden Pictures, Inc. v. Buzzfeed, Inc.* 390 F.Supp.3d 461 (2019)............................................ 2, 3

*Jose Luis Palaez, Inc. v McGraw-Hill Global Education,* 399 F.Supp.3d 120 (S.D.N.Y. 2019)….8

*Papazian v. Sony Music Entm't,* 2017 WL 4339662 (S.D.N.Y Sept. 28, 2017)…………………..7

*Parisienne v. Scripps Media, Inc.* 2021 WL 3668084 (S.D.N.Y. Aug. 17, 2021)…………………4

*Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014)………………………………1, 2, 7

*Psyihoyos v. John Wiley & Sons, Inc.,* 748 F.3d 120 (2d Cir. 2014)............................................ 1

*Sohm v. Scholastic Inc.,* 959 F.3d 39  (2d Cir. 2020)………………………………..……1, 2, 7

*Ushodoya Enters. Ltd. v. V.R.S. Int'l Inc.,* 64 F.Supp.2d 352 (S.D.N.Y. 1999) *aff'd* 2 F. App'x 128 (2d Cir. 2001)……………………..………………………………………………...…8

*Wu v. John Wiley & Sons, Inc.,* 2015 WL 5254885 …………….……………….…………………7

**Statutes and Rules**

17 U.S.C. §507(b). ........................................................................................................... 1,7

17 U.S.C. §412 ……………. …………………………………………………………………7

Federal Rule of Civil Procedure 12(b)(6)……………………………………………………1,8

Defendants Ruthie Davis, Inc. RADesign, Inc., Davis By Ruthie Davis, Inc., and Ruthie Allyn Davis ("Defendants") by and through their undersigned counsel, hereby submit this Reply Memorandum of Law in further support of their motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint of Michael Grecco Productions, Inc. ("Plaintiff" or "Grecco") in its entirety as time-barred.

## I.     Preliminary Statement

Most of Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Complaint ("Opp. Br.") collects cases that restate and support certain general timeliness rules applicable to a copyright infringement case. The general rules are, however, not in dispute. Specifically, it is not in dispute that the statute of limitations to bring a copyright infringement case is three (3) years of the accrual of the claim. 17 U.S.C. §507(b). It is not in dispute that the Second Circuit has adopted the discovery rule for determining the accrual date, meaning that the infringement claim accrues at the time that the plaintiff knew or should have known about the infringement. *Psyihoyos v. John Wiley & Sons, Inc.,* 748 F.3d 120, 124 (2d Cir. 2014); *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014); *Sohm v. Scholastic Inc.,* 959 F.3d 39, 51-52 (2d Cir. 2020).

What Plaintiff fails to do is refute the main point: that under the discovery rule, this plaintiff was on constructive notice of the alleged infringements when they were first posted in August 2017. Plaintiff's claim accrued upon the alleged posting of the images because he is a sophisticated plaintiff who regularly searches the internet with advanced software that identified hard to detect infringements. As such, his claim accrued in August 2017 and the Complaint must

1

be dismissed as a matter of law. Plaintiff repeats the truism that a copyright plaintiff does not, without more, have a general duty to scour the internet for infringements. But Plaintiff is not a typical copyright plaintiff. Though it may have no generalized duty to do so, the facts of the pleadings make clear that Plaintiff *does in fact* scour the internet for infringements as a regular and central part of its publicly stated business model, evidenced by more than 130 infringement cases brought in the past ten years. It is not in dispute that the sophistication of the plaintiff is taken into account in determining when it was on constructive notice of the complained of infringement; moreover, plaintiffs even less sophisticated than Grecco have been held to be on constructive notice of all internet infringements. *Minden Pictures, Inc. v. Buzzfeed, Inc.* 390 F.Supp.3d 461 (2019) ("[A]reasonable copyright holder in [plaintiff's] position - that is a seasoned litigator that has filed 36 lawsuits since July of 2010 – should have discovered, with the exercise of due diligence – that its copyright was being infringed within the statutory time period"). The discovery rule applies; and this Plaintiff *should* have discovered the alleged infringement when it allegedly occurred.

Even if Plaintiff were afforded the benefit of the February 8, 2021 date as the accrual date, (*See Cmplnt ¶31),* the Complaint would still be subject to dismissal as a matter of law. A plaintiff is limited to a three-year lookback period for damages. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 671 (2014)*; Sohm v. Scholastic Inc.,* 959 F.3d 39, *51-52* (2d Cir. 2020)*.* The Complaint does not allege – nor could it -- any actual damages (defendant profits or plaintiff lost profits) during that period. The Complaint does not allege a separate violation during the three-year lookback period which could support an award of even nominal statutory damages. In any event, on the face of the Complaint, plaintiff alleges that defendants posted the Plaintiff's image as early as August 2017 and Plaintiff did not register the copyright until February 12, 2019,

making statutory damages unavailable under 17 U.S.C. §412. In short, there simply is no relief that could be granted upon Plaintiff's complaint. For this reason as well the Complaint must be dismissed.

## II. Argument[1]

### A. The Complaint is Time-Barred Because Plaintiff Is A Sophisticated Copyright Infringement Plaintiff Who Systematically Searches the Internet for Infringements And Thus Was On Constructive Notice of an Alleged Infringement When Posted.

The *Minden* case is directly on point and dispositive. In this District, a plaintiff who admits to using state-of-the-art software to identify hard-to-detect infringements as an important part of his business model and workflow, evidenced by the prosecution of one hundred and thirty-four (134) copyright infringement cases will be charged with constructive notice upon a defendant's posting. *Minden* 390 F.Supp.3d 461 (plaintiff charged with constructive knowledge upon posting where plaintiff searches the internet and has brought 30 prior copyright cases).

Plaintiff's efforts to distinguish *Minden* from the instant case on the facts are misplaced. First, Plaintiff argues that, as an individual photographer, it should be treated differently from the photo licensing agency plaintiff of *Minden*. The Plaintiff here is not an individual photographer, and the facts that may be considered by this Court on this motion include that the Plaintiff holds workshops and training sessions for young photographers on how to develop workflows designed to identify and sue for copyright infringements. Plaintiff articulates no reason to distinguish a photo licensing agency plaintiff from a photograph production entity for statute of limitations purposes. More fundamentally, however, Plaintiff's attempt to do so merely

---

[1] Defendants respectfully refer the Court to the relevant facts as recited in Defendants' Moving Brief and the Accompanying January 6, 2022 Declaration of Emily Kirsch and exhibits submitted therewith.

underscores what is now well-settled law: that the Court must look at the available facts demonstrating the plaintiff's relative sophistication in copyright matters to determine what constitutes constructive notice and what is plausible in the pleadings. *Second*, Plaintiff tries to distinguish *Minden* because the website there at issue is "more widely disseminated" than the one at issue in this case. Of course, this is nonsensical because web sites aren't disseminated at all. Instead, they simply exist and either are or are not visited. The number of visitors to a particular web site does not make it easier or more difficult to search for infringements.

Plaintiff next tries to escape controlling law by suggesting that caselaw post-*Minden* somehow detracts from its holding. *Opp. Br. at 12*. It does not. To the contrary, the post-*Minden* cases Plaintiff cites expressly acknowledge that a plaintiff such as Grecco is not permitted to bury its head in the sand and make a bare conclusory allegation that it was unaware of a certain infringement allowing it to sue whenever it gets around to it. To so allow would effectively eviscerate the statute of limitations altogether. In *Hirsch v. Rehs Galleries, Inc.*, 2020 WL 917213 (S.D.N.Y. Feb. 26, 2020), the court explained that once the plaintiff hired sophisticated copyright counsel who employed sophisticated software to search the internet for infringements, the plaintiff may be held to that higher standard of immediate constructive notice of infringement. But the point was moot in *Hirsch,* because the date that sophisticated counsel was engaged was not more than three years prior to the filing of the lawsuit; the claims were timely even when considering that plaintiff's sophisticated counsel was on constructive notice of infringements. Such was also the case in *Parisienne v. Scripps Media, Inc.* 2021 WL 3668084 (S.D.N.Y. Aug. 17, 2021). Even the very block quotation Plaintiff cites makes clear that once the sophisticated counsel was brought on board, plaintiff was charged with constructive notice of the infringements. *Opp. Br. at 12; Parisienne,* at \*4. Once again, counsel brought the lawsuit within the limitations period mooting

4

the point; the individual plaintiff was not charged with such knowledge prior to retaining counsel. *Id.* Here, the difference is that the sophisticated party that employs the software to identify the hard to detect infringements is the plaintiff itself – not the counsel. Accordingly, these cases support the conclusion that the sophisticated player should be charged with constructive notice of the infringements upon posting.

*Gaffney v. Muhammad Ali Entrpr.,* 2021 WL 3542256 (S.D.N.Y. Aug. 10, 2021), also acknowledges that certain facts would put a plaintiff on constructive notice of infringement, but the mere existence of a prior license agreement that has expired is not, without more, sufficient. In so holding, the *Gaffney* court cites and restates the tenet of *Minden¸* that "[w]hile courts look to the relative sophistication of the parties to determine whether the copyright holder should have, with the exercise of diligence, discovered an alleged infringement, Defendants do not point to any conduct, outside of having a prior licensing agreement, which would evidence that Plaintiff discovered or should have discovered the alleged infringement earlier than March 2018." *Gaffney*, 2021 WL 3542256 at *3. *Gaffney* did not involve the type of "conduct" that is at issue here.

Plaintiff also seeks to make a somewhat convoluted argument that the *Minden* Court could not have intended to overrule his prior case, *Michael Grecco Productions, Inc. v. Valuewalk, LLC,* 345 F.Supp.3d 482, 512 (S.D.N.Y. 2018). But it is unclear precisely what Plaintiff argues that *Valuewalk* stands for. *Valuewalk* is completely consistent with the proposition that a sophisticated copyright infringement plaintiff who *does* scour the internet for infringements is held to be on constructive notice of internet infringements upon posting. *Valuewalk,* 345 F.Supp.3d at 512. In *Valuewalk*, Grecco brought suit for an alleged infringement that Grecco claimed not to have discovered until 2015. The Court denied summary judgment as to timeliness because a genuine question of fact existed as to whether (a) there were two separate instances of

infringement, one in 2012 (which was outside the three-year limitations period) and a second one in 2015 (inside the three-year limitations period) as Grecco asserted; or (b) whether there was a single instance of infringement in 2012 which simply remained continuously available to the public through 2016, as defendant asserted. *Id.* The question of whether defendant committed a second violation in 2015 was critical to the issue because, relying on Grecco's admission that he dedicates resources to searching for hard-to-detect infringing uses of his images, the existence of the second violation would dictate whether the claim accrued in 2012 or 2015. If the Court could conclude that there was only act of infringement 2012, then the claim would have been barred.

In the instant case, there is no plausible allegation of a second republication within the limitations period that would save the plaintiff from the timeliness bar. *See, Section C, infra.* Rather, the allegations of infringement are dated to August 2017, facially outside the statute of limitations. Plaintiff was on constructive inquiry notice of the alleged infringement from 2017. The claim, brought on October 12, 2021, is time-barred.

**B.    Even if Plaintiff is Entitled to the Benefit of the February 2021 Accrual Date, The Complaint Must Still Be Dismissed Beacause It Fails To State a Claim Upon Which Relief Can Be Granted.**

Even if Plaintiff were to receive the benefit of the February 8, 2021 "actual discovery date" for the accrual date such that his claim for infringement is not barred as untimely *per se*, the Complaint must still be dismissed for failure to state a claim. Under the timing provisions of the Copyright Act, accepting the allegations as true, there is no basis for relief to be granted. First, relief is limited to damage occurring in the three years prior to the filing of suit. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014); *Sohm v. Scholastic,* 959 F.3d at 51-52. There is no fact alleged supporting an inference that any actual damages accrued in the three-

6

year lookback period. Second, no statutory damages are available. The Complaint does not allege that any violation occurred in the three-year lookback period that would warrant the award of even a nominal statutory damage. More fundamentally, the Complaint does not allege that the first violation of his copyright occurred after the copyright was registered on February 12, 2019 as required by the Copyright Act. *Compl. ¶18;* 17 U.S.C. §412.

      1.    *No Actual Damages Are Alleged.* The Supreme Court held in *Petrella* that "Section 507(b)'s limitations period … allows plaintiffs … to gain retrospective relief running only three years back from the date of the complaint was filed" and that "[n]o recovery may be had for infringement in earlier years." *Petrella,* 572 U.S. at 672, 677. The Second Circuit has explicitly adopted the three-year window for damages in *Sohm v. Scholastic Inc.,* 959 F.3d at 51-52 ("Under the Copyright Act, a plaintiff's recovery is limited to damages incurred during the three years prior to the filing suit", reversing district court's contrary determination); *see also, Wu v. John Wiley & Sons, Inc.,* 2015 WL 5254885 at *7 ("Following Petrella, Wu can recover damages only for any Wiley infringing acts that occurred [less than three years prior to filing the action]"); *Papazian v. Sony Music Entm't,* 2017 WL 4339662 at *5 (S.D.N.Y. Sept. 28, 2017). The Complaint states no facts to support an allegation that Defendants realized any profits from the alleged 2017 infringement after October 12, 2018 (or ever). The Complaint states no facts to support an allegation that Plaintiff lost any licensing opportunities after the alleged 2017 infringement (or ever). There can be no actual damages awarded on the basis of this Complaint.

      2.  *No Statutory Damages Are Available.* Nor does the Complaint allege facts to support a claim of statutory damages. Under 17 U.S.C. §412, to be eligible for an award of statutory damages, a copyright owner must have registered his work prior to the date on which the infringement commenced. *Jose Luis Palaez, Inc. v McGraw-Hill Global Education,* 399 F.Supp.3d

7

120, 131 (S.D.N.Y. 2019). Statutory damages may not be awarded even if infringement which commenced before registration continues after registration. *Ushodoya Enters. Ltd. v. V.R.S. Int'l Inc.,* 64 F.Supp.2d 352, 353 (S.D.N.Y. 1999) *aff'd* 2 F. App'x 128 (2d Cir. 2001). The Complaint alleges no facts to suggest that there was an independent infringement or other violation after February 12, 2019 for which the Court could even make a nominal statutory damage award. And the Complaint nowhere seeks injunctive relief. In short, because there is no allegation of a violation or damage suffered during the three-year lookback period for actual damages, and no allegation of a violation after registration for a statutory damages award, no relief can be granted. Accordingly, the Complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### C. The Separate Accrual Rule Does Not Apply

Finally, Plaintiff makes a half-hearted attempt to raise the separate accrual rule to save its doomed pleading. *Opp. Br.* at 14. Once again, Plaintiff takes up most space quoting the general rule of law that is not in dispute, that "each time an infringing work is reproduced or distributed the infringer commits a new wrong." *Petrella,* 572 U.S. at 671. Plaintiff however devotes very little time to explaining how the rule might apply here to save Plaintiff's pleading. The alleged postings occurred in 2017, save for a single sentence alleging that an image also appeared in the archives. *Cmplnt. ¶23.* But the archiving of a web page does not alone without more constitute a plausible allegation of an infringing act, let alone one within the statute of limitations or after registration. Archive files are most often automatically generated without an intervening act. The bare unsupported conclusion that "one of the images was again republished on the celebrity archives page of the Ruthie Davis website" is too vague and conclusory to nudge

8

Plaintiff's complaint over the line from speculatively suggesting a cause of action to plausibly stating a claim upon which relief can be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[f]actual allegations must be enough to raise a right to relief above the speculative level").

At most, should the Court find the archive deposit an infringing act arguably within the statute of limitations, then this case and any damages should be ordered limited to simply the archive deposit. In no event would this archive deposit "refresh" the original postings which are indisputably stale.

### III.  Conclusion

For the foregoing reasons, the Court should dismiss the Complaint in its entirety with prejudice.

Dated:  February 10, 2022　　　　　　　　　　**KIRSCH & NIEHAUS, PLLC**
　　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　*s/ Emily Bab Kirsch*
　　　　　　　　　　　　　　　　　　　　　　Emily Bab Kirsch
　　　　　　　　　　　　　　　　　　　　　　150 E. 58th Street, 22nd Floor
　　　　　　　　　　　　　　　　　　　　　　New York, New York  10155
　　　　　　　　　　　　　　　　　　　　　　(212) 631-0223
　　　　　　　　　　　　　　　　　　　　　　emily.kirsch@kirschniehaus.com