UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL GRECCO PRODUCTIONS, INC.,

Plaintiff,

v.

RADESIGN, INC.; DAVIS BY RUTHIE DAVIS,
INC; RUTHIE ALLYN DAVIS; RUTHIE
DAVIS, INC.; and DOES 1–5,

Defendants.

21-CV-8381 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Michael Grecco Productions, Inc. brought this action against RADesign, Inc.;
Davis by Ruthie Davis, Inc.; Ruthie Allyn Davis; Ruthie Davis, Inc.; and five individuals identified
as Does 1–5 (collectively, "Defendants"), asserting claims for copyright infringement pursuant to
17 U.S.C. § 501, *et seq.*  Now before the Court is Defendants' motion to dismiss the Complaint as
untimely filed.  For the reasons that follow, the motion is granted, albeit without prejudice.

## BACKGROUND

Plaintiff Michael Grecco Productions, Inc. owns copyrights for photographs created by its
principal, Michael Grecco—an "award winning commercial photographer and film director" who
is "noted for his celebrity portraits"—and licenses his images for commercial use.  Compl. ¶¶ 6–
7.  Defendants manufacture high fashion shoes, many of which are advertised and worn by well-
known celebrities.  *Id.* ¶¶ 14–15.  As alleged in the Complaint, Grecco photographed celebrity
Amber Rose wearing a pair of Ruthie Davis shoes for publication on the cover of Inked Magazine
in 2017, and registered his copyright in the images two years later, in February 2019 (hereafter,
the "Rose Photographs").  *Id.* ¶¶ 17–19; U.S. Copyright No. VA 2-143-439 (Feb. 19, 2019).

Although Defendants did not license the Rose Photographs or pay Plaintiff a fee for their commercial use, Defendants allegedly "republished at least two of these images on [the Ruthie Davis] website" after they appeared in the magazine, and also posted them on Twitter "to promote the Ruthie Davis brand." *Id*. ¶¶ 21–24. After allegedly "discover[ing] the infringement on February 8, 2021," Plaintiff sent Defendants a cease-and-desist letter in June 2021, and thereafter filed this copyright infringement action on October 12, 2021. *Id*. ¶¶ 27–31.

Significantly, in addition to Grecco's work as a prominent celebrity photographer, the Complaint also alleges that he has extensive experience with copyright law and practice. *Id*. ¶ 11–12. In this capacity, he "leads workshops, addresses conferences and has released an educational video to assist artists in protecting their intellectual property from on-line content piracy." *Id*. at ¶ 12. The Complaint further alleges that he participated in an interview, entitled "How (And Why) To Make Copyright Registration Part of Your Workflow," describing "his system of routine copyright registration procedures for the benefit of the profession in order to combat content theft." *Id*. ¶ 11. Grecco also allegedly "spends time and money to actively search for hard-to-detect infringements, and enforces his rights under the Copyright Act." *Id*. ¶ 11.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The Court must accept as true all factual allegations and draw all reasonable inferences in Plaintiffs' favor, *see Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008), but it need

not credit "mere conclusory statements," *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and alterations omitted).

"'Dismissal under [Federal Rule of Civil Procedure 12(b)(6)] is appropriate when a defendant raises a statutory bar,' such as lack of timeliness, 'as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law.'" *Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015) (quoting *Staehr v. Hartford Fin. Servs. Grp., Inc*., 547 F.3d 406, 425 (2d Cir. 2008)).

## DISCUSSION

"Civil actions for copyright infringement must be 'commenced within three years after the claim accrued.'" *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124 (2d Cir. 2014) (quoting 17 U.S.C. § 507(b)).  In this Circuit, infringement plaintiffs have the benefit of the so-called "discovery rule," such that their "copyright infringement claims do not accrue until actual or constructive discovery of the relevant infringement." *Id*. at 125.  Thus, "an infringement claim does not 'accrue' until the copyright holder discovers, or with due diligence should have discovered, the infringement." *Id*. at 124.  Although "the standard for whether a plaintiff should have discovered the relevant infringement is an objective one," *PK Music Performance, Inc. v. Timberlake*, 2018 WL 4759737, at *7 (S.D.N.Y. Sept. 30, 2018) (citing *Staehr*, 547 F.3d at 427), courts in this district regularly "look to the relative sophistication of the parties to determine whether the copyright holder should have, with the exercise of due diligence, discovered [the] alleged infringement," *Gaffney v. Muhammad Ali Enters. LLC*, 2021 WL 3542256, at *3 (S.D.N.Y.

Aug. 10, 2021).

The Court accepts as true each of the factual allegations in the Complaint, such that the following are not in dispute for purposes of the present motion: (1) Defendants' use of the Rose Photographs on their website began on August 16, 2017, and "continued thereafter," Compl. ¶ 30; (2) Plaintiff "discovered the infringement on February 8, 2021," *id*. ¶ 31; and (3) Plaintiff filed this copyright infringement action on October 21, 2021, *see* Dkt. 1, more than four years after the alleged infringing publication of the Rose Photographs on Defendants' website and Twitter profile.

Thus, in order for Plaintiff's infringement claims to fall within the three-year statute of limitations period under the Copyright Act, either Plaintiff must have been unable, "with the exercise of due diligence," to discover the infringing activity prior to August 16, 2020, three years after the infringing activity began, *Psihoyos*, 748 F.3d at 124, or his Complaint must allege separate infringing republication occurring on or after October 21, 2018, three years before his claims were actually filed.  Because the face of the Complaint fails to allege facts plausibly supporting either circumstance, the Court agrees with Defendants that this action should be dismissed as  time barred.  *See Teva Pharm. USA, Inc. v. Sandoz Inc.*, 2013 WL 3732867, at *3 (S.D.N.Y. July 16, 2013) (citing *Staehr*, 547 F.3d at 425) ("Courts may grant motions to dismiss based on an affirmative defense so long as the applicability of the defense is apparent on the face of the complaint or documents incorporated by reference within the complaint.").

## I.    Application of the Discovery Rule

First, Plaintiff's relative sophistication as an experienced litigator in identifying and bringing causes of action for unauthorized uses of Grecco's copyrighted works leads to the conclusion that it should have discovered, with the exercise of due diligence, that the Rose Photographs were posted within the three-year limitations period.  In this respect, as Defendants

persuasively argue, this case is akin to *Minden Pictures, Inc. v. Buzzfeed, Inc.*, 390 F. Supp. 3d 461 (S.D.N.Y. 2019) ("*Minden*"). In that case, although the plaintiff alleged that it had been unable to discover infringing activity until many years after it began, the court nevertheless dismissed the copyright claim as time-barred, reasoning that a "reasonable copyright holder in Minden Pictures' position—that is, a seasoned litigator that has filed 36 lawsuits to protect its copyrights, beginning as early as [seven years before the complaint]—should have discovered, with the exercise of due diligence, that its copyright was being infringed within the statutory time period." *Id*. at 467. The same logic applies with equal force here, where Plaintiff had filed 134 separate copyright infringement cases between 2010 and early 2022. *See* Kirsch Decl., Ex. B.[1] In this respect, this case is also analogous to two recent opinions by this Court holding that the relative sophistication of the plaintiffs left them unable to rely on the discovery rule to resurrect time-barred copyright infringement claims. *See Lixenberg v. Complex Media, Inc.*, 2023 WL 144663, at *3 (S.D.N.Y. Jan. 10, 2023) (holding, where plaintiff had previously filed nearly 20 lawsuits, including two related to infringement of the same photograph at issue, that it should have discovered the alleged infringement within the limitations period); *Minden Pictures, Inc. v. Complex Media, Inc.*, 2023 WL 2648027, at *3 (S.D.N.Y. Mar. 27, 2023) (same, where plaintiff had previously filed more than 100 lawsuits) (hereafter, "*Complex Media*").

To be sure, courts in this district have not uniformly accepted the rationale applied by the *Minden* line, and the Second Circuit has not yet weighed in either way. In *Parisienne v. Scripps Media, Inc.*, for instance, Judge Ramos reasoned that a plaintiff "does not have a general duty to police the internet for infringements" of its copyrighted works, and that this remained so even

---

[1]     "[C]ourts routinely take judicial notice of documents filed in other courts, . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

where the plaintiff was represented by a highly-sophisticated and experienced law firm which specialized in identifying and bringing copyright infringement claims.  2021 WL 3668084, at *4 (S.D.N.Y. Aug. 17, 2021) (cleaned up).  Contrary to the defendant's argument for dismissal that, because the plaintiff was an experienced copyright claimant—who thus should have discovered the alleged infringement within the limitations period—Judge Ramos denied the motion to dismiss, finding it was "not clear from the face of the complaint . . . that [the plaintiff's] claims are barred as a matter of law."  *Id*. at *5 (cleaned up); *see also id.* (further justifying denial of the motion "especially considering that Defendant bears the burden of proof when raising the statute of limitations as an affirmative defense").  So too, in *Hirsch v. Rehs Galleries, Inc.*, Judge Broderick rejected the argument that a plaintiff who had previously discovered infringement of his photographs, and had hired a firm that "specializes in searching the internet for infringing conduct," should have discovered infringing activity within the three-year statute of limitations period.  2020 WL 917213, at *5.  Finding that the defendant was effectively seeking dismissal by arguing that the plaintiff had a "duty to police the internet to discover [the infringing] use of his Photograph," Judge Broderick observed, "I have considered and rejected this argument before, as have other judges in this district."  *Id*. (citing *PK Music Performance, Inc.*, 2018 WL 4759737, at *8); *see also Baron Alan Wolman Achieves Trust v. Buzzfeed, Inc.*, 2022 WL 719633, at *2 (S.D.N.Y. Mar. 10, 2022) (finding a defendant could not establish when the infringement claim had accrued for timeliness purposes without discovery).[2]

---

[2]     Three district courts in the Central District of California also appear to have rejected the *Minden* rule at least in part.  *See Michael Stokes v. Honeydu, Inc.*, 2023 WL 2628685, at *2 (C.D. Cal. Feb. 9, 2023) (disagreeing with the defendant's reliance upon *Minden* and observing that the "[r]easonableness of discovering copyright infringement is generally a question of fact . . . the Court cannot conclude, based on the allegations in the SAC, that Plaintiff's failure to discover the alleged infringement sooner was unreasonable as a matter of law."); *Minden Pictures, Inc. v. Excitant Grp., LLC*, 2020 WL 8025311, at *3 (C.D. Cal. Dec. 14, 2020) (holding same, and noting that any "delay in filing the lawsuit" by plaintiff was a "question of fact that cannot be decided on a motion to dismiss"); *Mavrix Photo v. Rant Media Network, LLC*, 2020 WL 8028098, at *3 (C.D. Cal. Nov. 2, 2020) (finding same where the plaintiff had previously filed 40 copyright infringement lawsuits, and noting "other courts have not found a copyright holder had

Absent instruction from the Second Circuit on this issue, the Court concludes, as it has previously, that *Minden* offers a useful framework in analyzing motions to dismiss on timeliness grounds where the face of the complaint itself establishes the unreasonableness of a plaintiff's late discovery of allegedly infringing activity.  In *Complex Media*, for instance, this Court recently underscored that dismissal was appropriate because the complaint itself alleged that the plaintiff "uses sophisticated methods to detect infringing images," and that it worked "diligently to detect online infringements of its works" by "enlisting technology companies that crawl the internet to identify infringing uses."  2023 WL 2648027, at *3 (cleaned up).  Accepting those facts as true, it was implausible to the Court that the plaintiff only would have discovered the alleged infringement "nearly ten years" after the purported republication.  *Id*. at *1, 3; *see Gaffney*, 2021 WL 3542256, at *3 (observing that courts regularly "look to the relative sophistication of the parties to determine whether the copyright holder should have, with the exercise of due diligence, discovered an alleged infringement").

While other cases may present allegations which rightfully survive motions to dismiss under the discovery rule—just as it is of course true that a copyright plaintiff does not have a "duty to police the internet to discover" infringing uses of their work, *Hirsch*, 2020 WL 917213, at *5— here, the face of the Complaint alleges that the Plaintiff was particularly sophisticated in regularly seeking out and discovering online infringing uses.  It alleges, among other things, that Grecco "leads workshops, addresses conferences and has released an educational video to assist artists in protecting their intellectual property from on-line content piracy."  Compl. ¶ 12.  It further asserts that Grecco "spends time and money to actively search for hard-to-detect infringements," and that

constructive notice of copyright violations solely due to the prior availability of internet-sourcing services").  A fourth court in that district distinguished the case, finding that the plaintiff "was not quite so litigious" as the one in *Minden*, which had filed 36 infringement suits covering the same works at issue.  *Stars Entmt. LLC v. MGM Domestic Television Dist., LLC*, 510 F. Supp. 3d 878, 889 (C.D. Cal. 2021).

he even described these methods in an interview providing a 'how-to' guide to prospective copyright infringement claimants, *id*. ¶ 11.  The Court thus here holds that, even setting aside the 130-plus infringement lawsuits Plaintiff has previously filed, with allegations like these appearing in its own pleadings, it is "clear from the face of the complaint . . . that [P]laintiff's claims are barred as a matter of law."  *PK Music Performance, Inc.*, 2018 WL 4759737, at *7.

## II.   Application of the Separate Accrual Rule

Second, Plaintiff's attempt to rely upon the so-called "separate accrual" rule is similarly unavailing given the allegations in the Complaint.  Under that rule, "when a defendant commits successive violations, the statute of limitations runs separately from each violation."  *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 671 (2014).  The Supreme Court has cautioned, however, that "[s]eparately accruing harm should not be confused with harm from past violations that are continuing."  *Id*. at 671 n.6.

Here, the Complaint alleges only that Defendants' allegedly infringing "use of the images begun (sic) on August 16, 2017 and *continued thereafter*."  Compl. ¶ 30 (emphasis added).  It is therefore unclear whether Plaintiff's reliance on the separate accrual rule is based upon a theory that merely leaving a copyrighted work on a website—without more—constitutes separate infringement (thereby continuously triggering a restarted limitations clock), or whether Plaintiff instead intends to assert that there was a specific infringing republication of the Rose Photographs at some point later than August 16, 2017.  If the former, that theory is foreclosed as a matter of law.  As this Court explained at length in its recent opinion, "the continued presence of a copyrighted work on a website does not by itself give rise to a 'new wrong' under the Copyright Act."  *Complex Media*, 2023 WL 2648027, at *4 (collecting cases); *see also id.* ("[T]he statute of limitations would be stripped of its force if it were triggered every time a web user accessed the

allegedly infringing material."); *Bell v. The Oakland Cmty. Pools Project, Inc.*, 2020 WL 4458890, at *5 n.3 (N.D. Cal. May 4, 2020) (holding that the "mere fact that a document remained online does not trigger the separate-accrual rule"). If, instead, Plaintiff is seeking to rely upon the latter theory, the Complaint must make specific plausible allegations of later infringing use of the Rose Photographs which would bring the copyright claims within the three-year limitations period. Indeed, just as this Plaintiff did in *Michael Grecco Productions, Inc. v. Valuewalk, LLC*, if it is attempting to argue that there was a later, separate instance of infringement which would bring any copyright claim within the limitations period, that circumstance must be alleged—and, if necessary, later proven to the trier of fact. *See* 345 F. Supp. 3d 482, 512 (S.D.N.Y. 2018).

### III. Leave to Amend

Whether to grant leave to amend a complaint is committed to the "sound discretion of the district court." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "Ordinarily a plaintiff should be granted leave to amend at least once after having the benefit of a court's reasoning in dismissing the complaint." *Obra Pia Ltd. v. Seagrape Inv'rs LLC*, 2021 WL 1978545, at *3 (S.D.N.Y. May 18, 2021). This is especially true on the Court's first ruling on a motion to dismiss. *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec. LLC*, 797 F.3d 160, 190 (2d Cir. 2015) ("Without the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies."). "Granting leave to amend is futile," however, "if it appears that a plaintiff cannot address the deficiencies identified by the court and allege facts sufficient to support the claim." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 347 F. App'x 617, 622 (2d Cir. 2009). Here, because it is conceivable that Plaintiff could amend to allege a separately occurring act of distribution or publication of the Rose Photographs which would bring a copyright infringement

claim within the three-year limitations period, the Court cannot conclude that any amendment would necessarily be futile.

## CONCLUSION

Accordingly, for the foregoing reasons, Defendants' motion to dismiss is granted, albeit without prejudice.  Plaintiff shall have the opportunity to amend its Complaint within thirty (30) days, provided it has a good faith basis for doing so.

SO ORDERED.

Dated:      June 20, 2023
            New York, New York

                                        Hon. Ronnie Abrams
                                        United States District Judge